FILED
SEP 02 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | 3:26 CR 387 |
| Plaintiff, | ) | JUDGE KNEPP |
| | ) | |
| v. | ) | CASE NO. MAGISTRATE JUDGE CLAY |
| | ) | Title 18, United States Code, |
| CAMERON STEWART, | ) | Sections 1343, 1349 and 2 |
| KYRON STEWART, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

GENERAL ALLEGATIONS

At all times material to this indictment:

1. The Government Employees Insurance Company (GEICO Insurance Agency, LLC) was a company that provided vehicle insurance, and was headquartered in Chevy Chase, Maryland, and domiciled in the State of Maryland. GEICO had business offices across the United States, including business offices in the Northern District of Ohio.

2. INGO Payments was a company that provided digital money movement services for businesses, including GEICO Insurance Agency, LLC. INGO Payments was headquartered in Alpharetta, Georgia, and domiciled in the State of Georgia.

3. GEICO made settlement payments to claimants through INGO Payments. GEICO instructed claimants to set up an account with INGO Payments. To set up an account, INGO Payments required claimants to provide their name, verifiable bank account information, including a bank account number, a routing number, the name of the primary account holder, and a debit card associated with the bank account.

4. INGO Payments directed GEICO settlement payments to claimants through push-to-debit financial transactions.

ORIGINAL

5. A "push-to-debit" transaction was a digital payment method, utilized by INGO Payments, where funds were electronically moved by wire and credited to a debit card that was linked to a bank account.

6. A debit card provides access to a linked bank account. When money is electronically credited to a debit card, as with a push to debit transaction, the funds are deposited into the linked bank account to which the debit card is associated. A bank account may have one or more debit cards linked to it.

7. CAMERON STEWART maintained a personal bank account at Huntington National Bank, with an account number ending in X0252, and with one or more debit cards linked to it, including a debit card with a card number ending in X0542 ("Cameron's Huntington account"). Huntington National Bank maintained branch offices in the Northern District of Ohio, Western Division.

8. KYRON STEWART maintained a personal bank account at JP Morgan Chase Bank, with an account number ending in X5872, and with one or more debit cards linked to it, including a debit card with a card number ending in X9261 ("Kyron's JP Morgan Chase Bank account"). JP Morgan Chase Bank maintained branch offices in the Northern District of Ohio, Western Division.

<u>COUNT 1</u>
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

9. From in or around March of 2021 to in or around September of 2024, in the Northern District of Ohio, Western Division, and elsewhere, Defendants CAMERON STEWART and KYRON STEWART, together with others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed together and

with each other, to commit an offense under Chapter 63, Title 18, United States Code, that is, CAMERON STEWART and KYRON STEWART, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

Manner and Means of the Conspiracy

10. The factual allegations of paragraphs 1 through 8 of this indictment are re-alleged and incorporated by reference here.

11. It was part of the conspiracy that CAMERON STEWART, KYRON STEWART and other co-conspirators presented and caused to be presented to GEICO claims for payment against GEICO vehicle insurance policies, by means of wire communication, and such claims included false and fraudulent information, including the following:

a. *False Representations as to Claimant Identities.* CAMERON STEWART, KYRON STEWART and other co-conspirators provided GEICO with false and fraudulent claimant names in order to deceive GEICO and ultimately conceal and disguise the location, ownership, and control of the insurance payouts.

b. *False Representations as to the Factual Bases for the Claims for Payment.* CAMERON STEWART, KYRON STEWART and other co-conspirators falsely represented to GEICO that they were physically injured in a motor vehicle collision with a GEICO policy holder and that they incurred medical expenses as a result.

12. It was further part of the conspiracy that CAMERON STEWART, KYRON STEWART and other co-conspirators quickly settled the insurance claims with GEICO by agreeing to limited payouts and by waiving the right to bring a personal injury lawsuit.

13. It was further part of the conspiracy that CAMERON STEWART, KYRON STEWART and other co-conspirators established INGO Payment accounts utilizing the false and fraudulent claimant identities that they provided to GEICO.

14. It was further part of the conspiracy that CAMERON STEWART, KYRON STEWART and other co-conspirators caused to be transmitted by means of wire communication insurance payouts from GEICO through push-to-debit financial transactions via the INGO accounts that they set up utilizing the false and fraudulent claimant identities that they provided to GEICO.

15. In furthering the scheme, CAMERON STEWART, KYRON STEWART and other co-conspirators caused the transmission of information and funds by wire between locations within the Northern District of Ohio, Western Division, and locations outside the State of Ohio.

All in violation of Title 18, United States Code, Section 1349.

COUNTS 2-5
(Wire Fraud, 18 U.S.C. §§ 1343 and 2)

The Grand Jury further charges:

16. The factual allegations in Count 1 of this indictment are re-alleged and incorporated by reference here.

17. On or about the dates listed below, in the Northern District of Ohio, Western Division, and elsewhere, CAMERON STEWART and KYRON STEWART knowingly devised

and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

18. For the purposes of executing the ongoing scheme described above, CAMERON STEWART and KYRON STEWART transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds; specifically, numerous wire transfers from GEICO, though INGO, to Cameron's Huntington account and Kyron's JP Morgan Chase Bank account, including, but not limited to, the specific instances set forth below, which involved wire communications between the Northern District of Ohio and other states:

| Count | Defendant | Transaction Date | From | Through | To | Amount | GEICO Claim # |
|---|---|---|---|---|---|---|---|
| 2 | CAMERON STEWART | May 23, 2023 | GEICO | INGO | Cameron's Huntington account | $3,500.00 | X0005 |
| 3 | CAMERON STEWART | July 14, 2023 | GEICO | INGO | Cameron's Huntington account | $4,500.00 | X0004 |
| 4 | KYRON STEWART | May 23, 2023 | GEICO | INGO | Kyron's JP Morgan Chase Bank account | $3,500.00 | X0005 |
| 5 | KYRON STEWART | July 14, 2023 | GEICO | INGO | Kyron's JP Morgan Chase Bank account | $4,500.00 | X0004 |

All in violation of Title 18, United States, Sections 1343 and 2.

FORFEITURE SPECIFICATION

The Grand Jury further charges:

19. The allegations of Counts 1 through 5 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c). As a result of the foregoing offenses,

Defendants CAMERON STEWART and KYRON STEWART shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts 1 though 5.

SUBSTITUTE PROPERTY

If any of the property subject to forfeiture, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by 28 18 U.S.C. § 2461(c).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.